IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT LEE CRAWFORD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Cause No. CV 25-70-BU-SPW<br><br>ORDER |

On November 12, 2024, Petitioner Robert Lee Crawford ("Crawford") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Crawford is a federal prisoner proceeding pro se. The matter was originally filed with the Ninth Circuit Court of Appeals. *See*, (Doc. 1-2.) The Circuit noted that under the "savings clause" or "escape hatch" provision of 28 U.S.C. §2255(e), a federal prisoner may file a §2241 petition in the custodial court if the §2255 remedy is "inadequate or ineffective to test the legality of [the prisoner's] detention." (*Id.* at 1)(*citing Jones v. Hendrix*, 599 U.S. 465, 469 (2023)).  Without deciding if Crawford satisfied the escape hatch provisions, the Circuit transferred

1

the matter to the Western District of Washington, which at that time was Crawford's custodial court. (*Id.*)

On June 3, 2025, Crawford notified the District of Washington that he had moved to Billings, Montana. (Doc. 5.) The matter was then transferred to this District. (Doc. 6.)

**Background**

On January 23, 2019, a grand jury indicted Crawford on two counts of being a felon in possession of firearms and ammunition, violations of 18 U.S.C. §922(g)(1). Following the denial of his motion to suppress evidence, Crawford entered into a plea agreement with the United States. In exchange for his guilty plea to Count 2, the Government agreed to dismiss Count 1 and allow Crawford to appeal the denial of his suppression motion. At sentencing, the Court varied downward and sentenced Crawford to 96 months in prison, to be followed by three years of supervised release. *See e.g., United States v. Crawford*, Cause No. CR-19-01-BU-DLC, Judg. (D. Mont. Nov. 8, 2019). The Ninth Circuit Court affirmed the judgment on appeal. *United States v. Crawford*, No. 19-30259 (9th Cir. Nov. 2, 2020). Crawford filed a petition for writ of certiorari; the petition was denied on October 4, 2021.

In August of 2021, Crawford filed a motion for compassionate release under 18 U.S.C. § 3582(c). The motion was denied on January 28, 2022. *United States*

*v. Crawford*, Cause No. CR-19-01-BU-DLC, Ord. (D. Mont. Jan. 28, 2022). Because Crawford's submissions in the § 3582 motion depended, in part, on claims cognizable under 28 U.S.C. § 2255, Crawford was provided an opportunity to amend his motion and add claims if he wished to proceed under § 2255. Crawford subsequently filed a formal § 2255 motion. *United States v. Crawford*, Cause No. CR-19-01-BU-DLC, Mtn. (filed Feb. 14, 2022).

In his § 2255 motion, Crawford claim counsel was ineffective in various ways. Specifically, Crawford asserted that counsel did not adequately investigate the case and did not adequately contest the facts asserted by witnesses at the suppression hearing. Crawford also alleged that the Government engaged in prosecutorial misconduct by presenting false evidence at the suppression hearing and that his right to confrontation was violated when the Government failed to call all of the witnesses who had knowledge of relevant facts at the suppression hearing. Crawford claimed that the evidence against him was obtained in violation of the Fourth Amendment. (*Id.*) Judge Christensen denied Crawford's § 2255 motion. *United States v. Crawford*, Cause No. CR-19-01-BU-DLC, Ord. (D. Mont. Aug. 26, 2022). Crawford also filed a writ of coram nobis, which the Court construed as a motion for reconsideration and denied. Crawford was also denied a certificate of appealability. *See generally, United States v. Crawford*, Cause No. CR-19-01-BU-DLC, Ord. (D. Mont. Oct. 31, 2022).

Crawford appealed. The Ninth Circuit subsequently denied Crawford's request for a certificate of appealability. *United States v. Crawford*, No. 22-36020 (9th Cir. May 15, 2023.) On January 22, 2024, the United States Supreme Court denied Crawford's petition for a writ of certiorari.

Crawford also indicates he filed an application for a second or successive §2255 motion with the Ninth Circuit, which was held in abeyance pending the mandate in *United States v. Duarte*. *See*, (Doc. 1 at 10.) The Circuit recently denied Crawford's application for authorization to file a second or successive §2255 habeas petition. *Crawford v. U.S.*, No. 23-686, 2025 WL 1806597, at *1 (9th Cir. July 1, 2025). The Circuit found that the claims Crawford advanced under *Duarte* and *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), lacked merit. *Id.* at *1-2. The Circuit also observed:

> The district court properly adjudicated the first §2255 motion on the merits and the court did not err by declining to allow him to amend his first §2255 petition to include *Bruen*-related arguments. The court also correctly held that it did not have jurisdiction to address the [second or successive] petition without certification from the court. See, Burton v. Stewart, 549 U.S. 147, 152-53 (2007)(per curiam). Finally, to the extent that Crawford argues that his felon-in-possession conviction was unlawful because state law does not criminalize firearm possession following the same underlying conduct, he raised similar arguments in his first habeas petition, so he cannot now show that this argument was "previously unavailable" to him. *See,* 28 U.S.C. §2255(h)(2).

*Id.* at *2.

4

**Crawford's Present Action**

Crawford presents several claims in the instant matter. First, he essentially seeks reconsideration of his ineffective assistance of counsel claim, arguing counsel performed deficiently by: failing to adequately raise Fourth Amendment claims, failing to allege prosecutorial misconduct, and failing to challenge witnesses credibility. Crawford believes Judge Christensen erred by disposing of these claims on preliminary review under Rule 4. (Doc. 1 at 11-12.) Crawford then challenges the denial of a certificate of appealability, stressing that his underlying claims were substantive, and he was proceeding without counsel. (*Id.* at 11.) Crawford next asserts he should receive reconsideration of the dismissal of his 2255 motion pursuant to *Neiss v. Bludworth*, No. 22-35877 (9th Cir. Aug. 16, 2024). (*Id.*) Finally, Crawford argues his conviction violates both Montana Constitutional provisions and federal constitutional protections, as his right to bear arms and his rights as a non-violent and sovereign citizen, have been infringed upon. Further, he believes that none of the firearms possessed in his case were involved in interstate commerce. (*Id.* at 13-15.) Crawford asks this Court to grant habeas review, appoint counsel, reverse his conviction and remand the matter back to District Court for further proceedings. He also asks that the District Court be required to look at all of the evidence, not just the "testimony of lies," and afford leniency to Crawford as a pro se filer. (*Id.* at 15-16.)

**Standard of Review**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241( c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §2243.

**Analysis**

Crawford challenges the validity of his sentence. A motion to vacate sentence pursuant to 28 U.S.C. §2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge "the sentence was imposed in violation of the Constitution or laws of the United States or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. §2255(a); *Tripati v. Henman*, 843 F. 2d 1160, 1162 (9th Cir. 1998); *Stephens v. Herrera*, 464 F. 3d 895, 897 (9th Cir. 2006). This restriction cannot be avoided by filing a petition under §2241. *Moore v. Reno*, 185 F. 3d 1054, 1055 (9th Cir. 1999); *see also, McGhee v. Hanberry*, 604 F. 2d 9, 10 (5th Cir. 1979).

There is an exception to this general rule. Section 2241 can be used if a federal prisoner can show that a motion under §2255 is "inadequate or ineffective to test the validity of his detention." *Hernandez v. Campbell*, 204 F. 3d 861, 864-64 (9th Cir. 2000). This is known as the "savings clause," *id.* at 864, or the "escape hatch." *Lorentsen v. Hood*, 223 F. 3d 950, 953 (9th Cir. 2000). The Ninth Circuit has recognized that it is a very "narrow exception." *United States v. Pirro*, 104 F. 3d 297, 299 (9th Cir. 1997); *Ivy v. Pontesso*, 328 F. 3d 1057, 1059 (9th Cir. 2003).

A petition under the escape hatch is permissible "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F. 3d at 898 (*quoting Ivy*, 328 F. 3d at 1060). In determining whether a petitioner has had such an opportunity, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first §2255 motion,' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first §2255 motion." *Harrison v. Ollison*, 519 F. 3d 952, 960 (9th Cir. 2008).

None of the claims presented in Crawford's petition relate to the inadequacy or ineffectiveness of the §2255 remedy. Rather, Crawford seeks reconsideration of claims previously addressed and rejected by this Court and/or the Ninth Circuit. There are no claims now presented by Crawford for which the legal basis arose after he had exhausted his direct appeal and first §2255 motion or rely on a

7

relevant change of law. Crawford cannot continue to recycle the same arguments and attempt to seek reconsideration under the escape hatch. *See e.g., Fairly v. United States*, 373 F. App'x 700, 701 (9th Cir. 2010). As set forth above, Crawford exercised various "procedural shots" at having his claims considered. The fact that he received unfavorable results does not warrant invoking the "narrow exception" to permit this Court's consideration of a §2241 petition.

Additionally, Crawford does not argue that he is actually innocent of the federal crime of which he was convicted. He suggests that as a Montana and sovereign citizen his right to possess firearms should not be infringed upon, but this is a purely legal claim. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In short, because Crawford has not made either requisite showing, he has not properly invoked the escape hatch of §2255. The petition must be denied.

**Conclusion/COA**

Crawford has not shown that he is allowed to file a §2241 petition. This matter is dismissed for lack of jurisdiction.

A certificate of appealability will not issue. Crawford has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2002).

Accordingly, **IT IS HEREBY ORDERED**:

Crawford's 28 U.S.C. § 2241 petition (Doc. 1) is DISMISSED and a certificate of appealability is DENIED. The Clerk of Court is directed to enter judgment and close this matter.

DATED this 28th day of July, 2025.

Susan P. Watters
United States District Court Judge