IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT LEE CRAWFORD,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Cause No. CV 25-70-BU-SPW<br><br><br>ORDER |

Pending before the Court is Petitioner Robert Lee Crawford's ("Crawford") motion for reconsideration of the dismissal of his 28 U.S.C. §2241 habeas corpus petition. (Doc. 10.) Crawford's petition was transferred to this Court from the Western District of Washington, after it had been transferred there following Crawford's initial filing with the Ninth Circuit Court of Appeals. *See*, (Docs. 1-2; 6.) The Circuit noted that under the "savings clause" or "escape hatch" provision of 28 U.S.C. §2255(e), a federal prisoner may file a §2241 petition in the custodial court if the §2255 remedy is "inadequate or ineffective to test the legality of [the prisoner's] detention." (*Id.* at 1)(*citing Jones v. Hendrix*, 599 U.S. 465, 469

(2023)). Notably, the Circuit did not find that Crawford had made such a showing but rather transferred the petition for such consideration.

This Court analyzed the merits of Crawford's claims and ultimately dismissed the matter finding Crawford did not meet the requisite requirements under the escape hatch's provisions. *See generally*, (Doc. 8.) Specifically, Crawford was not advancing a claim of actual innocence, nor did he show he was denied an unobstructed shot at presenting his claims. (*Id.* at 7)(additional quotations omitted). It was determined that none of the claims Crawford presented related to the inadequacy or ineffectiveness of the §2255 remedy. Instead, Crawford sought reconsideration of claims that were previously addressed and rejected by this Court and/or the Ninth Circuit.

Additionally, there were no claims presented by Crawford for which the legal basis arose after he had exhausted his direct appeal and his first §2255 motion nor did his petition rely upon a relevant change in law. (*Id.* at 7-8.) Specifically, Crawford was advised that he could not "continue to recycle the same arguments and attempt to seek reconsideration under the escape hatch." (*Id.* at 8)(additional citations omitted.) Receiving an unfavorable result did not allow Crawford to invoke the "narrow exception" to permit this Court's consideration of his §2241 petition. Additionally, it was observed that Crawford did not argue that he was actually innocent of the federal crime of which he was convicted. (*Id.*)

Crawford now asks this Court to reconsider the dismissal of his §2241 petition. (Doc. 10.)

As a preliminary matter, Crawford has not provided a valid legal basis for this Court to reconsider its prior order, such as Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99th Cir. 2000)(quotation omitted).

A motion for reconsideration under Rule 59(e) to alter or amend the judgment must be filed no later "than 28 days after the entry of judgment." Crawford's motion was filed within 28 days of entry of judgment; accordingly, the Court will consider Crawford's motion under this Rule. Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment. *See Foman v. Davis*, 371 U.S. 178 (1962). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F. 3d 1253, 1255 n. 1 (9th Cir. 1999)(en banc)(per curiam)(internal quotation marks omitted)." A litigant may not use Rule 59(e) "to relitigate old matters or to raise arguments…that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008).

3

The showing required under Rule 59(e) is difficult to meet. Such a motion requires "a substantive change of mind" by the Court. *Miller v. Transamerican Press, Inc.*, 709 F. 2d 524, 527 (9ᵗʰ Cir. 1983). Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F. 3d 772, 780 (9ᵗʰ Cir. 2009)(citation omitted); *see also 389 Orange Street Partners v. Arnold*, 179 F. 3d 656, 665 (9ᵗʰ Cir. 1999); *McDowell*, 197 F. 3d at 1255. The requirement of such a showing is a "high hurdle." *Weeks v. Bayer*, 246 F. 3d 1231, 1236 (9ᵗʰ Cir. 2001).

While Crawford now claims to present "newly discovered evidence" in the form of a statement from Dale B. Guccione, *see* (Doc. 10-1); *see also*, (Doc. 10 at 5-6), the Court fails to see how this document establishes his actual innocence or overcomes the voluntary guilty plea Crawford entered in the underlying criminal matter. As Crawford was previously advised, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Guiccione's statement is not newly discovered evidence of Crawford's actual innocence. Additionally, Crawford's reference to *Schlup v. Delo*, 513 U.S. 298 (1995), and *Schlup's* "actual innocence gateway," (Doc. 10 at

4

7), has no application to the present matter. Similarly, Crawford has not argued

that there has been an intervening change in law that would affect the prior

analysis in the dismissal order.

Crawford instead argues that he reserved the right to appeal his suppression

hearing results and suggests that he was unable to meaningfully do so. (Doc. 10 at

2.) But following his plea of guilty to Count 2 and sentencing, Crawford filed a

direct appeal. The Ninth Circuit affirmed Crawford's judgment and sentence on

appeal. *United States v. Crawford*, No. 19-30259 (9th Cir. Nov. 2, 2020). Crawford

filed a petition for writ of certiorari; the petition was denied on October 4, 2021.

In August of 2021, Crawford filed a motion for compassionate release under

18 U.S.C. § 3582(c). The motion was denied on January 28, 2022. *United States*

*v. Crawford*, Cause No. CR-19-01-BU-DLC, Ord. (D. Mont. Jan. 28, 2022).

Because Crawford's submissions in the § 3582 motion depended, in part, on claims

cognizable under 28 U.S.C. § 2255, Crawford was provided an opportunity to

amend his motion and add claims if he wished to proceed under § 2255. Crawford

subsequently filed a formal § 2255 motion. *United States v. Crawford*, Cause No.

CR-19-01-BU-DLC, Mtn. (filed Feb. 14, 2022). Judge Christensen denied

Crawford's § 2255 motion for lack of merit. *United States v. Crawford*, Cause No.

CR-19-01-BU-DLC, Ord. (D. Mont. Aug. 26, 2022). Crawford also filed a writ of

coram nobis, which the Court construed as a motion for reconsideration and

denied. Crawford was also denied a certificate of appealability. *See generally*, *United States v. Crawford*, Cause No. CR-19-01-BU-DLC, Ord. (D. Mont. Oct. 31, 2022). Crawford appealed. The Ninth Circuit subsequently denied Crawford's request for a certificate of appealability. *United States v. Crawford*, No. 22-36020 (9th Cir. May 15, 2023.) On January 22, 2024, the United States Supreme Court denied Crawford's petition for a writ of certiorari.

Crawford then filed an application for a second or successive §2255 motion with the Ninth Circuit, which was held in abeyance pending mandate in *United States v. Duarte*. *See*, (Doc. 1 at 10.) The Circuit denied Crawford's application for authorization to file a second or successive §2255 habeas petition. *Crawford v. U.S.*, No. 23-686, 2025 WL 1806597, at *1 (9th Cir. July 1, 2025). The Circuit found that the claims Crawford advanced under *Duarte* and *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), lacked merit. *Id.* at *1-2.

As evidenced by his filing history, Crawford has had ample opportunity to have his claims considered, including those related to the denial of his suppression motion and the collateral issues stemming therefrom. Thus, Crawford's contention that this Court, or others, have not meaningfully considered his claims, including procedural claims, *see* (Doc. 10 at 8), is belied by the history set forth above. The fact that he has not received a favorable outcome following his legal endeavors does not convert the issues advanced in Crawford's §2241 petition into claims of

constitutional import. Or, put another way, nothing Crawford presents in his reconsideration motion gives the Court pause or has caused a "substantive change of mind" relative to the prior dismissal order. *McDowell*, 197 F. 3d at 1255.

While Crawford disagrees with this Court's ruling, such disagreement does not demonstrate clear error or that the Court's ruling was manifestly unjust. *Id.* Rule 59(e) is not a vehicle for unsuccessful claims to be considered anew and Crawford has not provided one of the permissible grounds to support his motion. Accordingly, this Court declines to alter or amend its previous ruling.

Crawford's motion for reconsideration (Doc. 10) is DENIED.

DATED this _17th_ day of November, 2025.

Susan P. Watters
United States District Court Judge

7